IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DANA M. HIGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 114-099 |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The above-captioned social security case is now before the Court on the Commissioner's partial motion to dismiss and, in the alternative, motion for partial summary judgment. (Doc. no. 11). The Commissioner argues that two of Plaintiff's claims should be dismissed for lack of subject matter jurisdiction due to failure to exhaust available administrative remedies. (Id. at 6.) Plaintiff filed a response to the partial motion to dismiss (doc. no. 15), to which the Commissioner filed a reply (doc. no. 18). Plaintiff has also filed a motion for a hearing on the partial motion to dismiss. (Doc. no. 16.) For the reasons that follow, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for hearing be **DENIED AS MOOT**, (doc. no. 16.) and the Commissioner's partial motion to dismiss be **GRANTED**[1], (doc. no. 11).

---

[1] The Court is granting the motion as a partial motion to dismiss as it presents a factual challenge to the Court's subject-matter jurisdiction. See Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)

**I. BACKGROUND**

Plaintiff, proceeding *pro se*, filed this action pursuant to section 205(g) of the Social Security Act (Act), 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's decision denying Plaintiff's application for Disability Insurance Benefits ("DIB"), and for other additional relief. (Doc. no. 1.) By Order dated, May 2, 2014, the Court directed Plaintiff to file an amended complaint to clarify what type of benefits he seeks to have reinstated, whether he attempted to appeal the decisions terminating his benefits and denying his requests, and what the outcome was of any such appeals. (Doc. no. 3, p. 2.) Plaintiff subsequently amended his complaint. (Doc. no. 4.) By Order dated May 16, 2014, the Court noted that "[a]lthough the precise nature of Plaintiff's claims, as well as whether he has satisfied the prerequisites for judicial review in 42 U.S.C. § 405(g), is not entirely clear, the Court will nevertheless allow this case to proceed." (Doc. no. 5.)

Plaintiff's amended complaint, as best can be discerned, appears to raise three different claims: (1) Plaintiff's benefits were wrongfully terminated in 2011; (2) Plaintiff was wrongfully assessed an overpayment of benefits in 2012; and (3) Plaintiff's new application for benefits in 2014 was wrongfully denied. (Doc. no. 4, pp. 3-6.) Plaintiff requests that his social security disability benefits be reinstated from November 2011 until the present and that the finding of an overpayment be reversed. (Id. at 6.)

**II. DISCUSSION**

The Commissioner contends this Court lacks subject matter jurisdiction over the first two claims because Plaintiff did not exhaust his administrative remedies by appealing to the Appeals Council after the denial of these claims by an Administrative Law Judge ("ALJ"). (Doc. no. 11,

p. 6.) As a result, the Commissioner argues that Plaintiff never received a "final decision," and thus, the Court does not have jurisdiction to hear the claims under 42 U.S.C. § 405(g). Plaintiff's only rebuttal in his response to this argument is that he was "not legally able to appeal my case for benefits." (Doc. no. 15, p. 1.)

"An application for disability benefits . . . follows an intricate path of administrative process before it can be reviewed by a federal court." Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1260-61 (11th Cir. 2007). As a general rule, 42 U.S.C. § 405(g) is the sole jurisdictional basis for judicial review in Social Security matters. See 42 U.S.C. § 405(h);[2] United States v. Blue Cross & Blue Shield of Ala., Inc., 156 F.3d 1098, 1104 (11th Cir. 1998) (citing Weinberger v. Salfi, 422 U.S. 749, 757-62 (1975) and explaining that § 405(h) bars reliance on general federal question jurisdiction when a party's claim arises under the Social Security Act); see also Califano v. Sanders, 430 U.S. 99, 105-07 (1977) (holding that Administrative Procedure Act does not provide the district courts with an independent source of subject matter jurisdiction over Social Security claims).

Section 405(g) provides the following prerequisites for judicial review: 1) a final decision made by the Commissioner of Social Security after a hearing, 2) the commencement of a civil

---

[2]Section 405(h) provides:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h).

action within sixty days after the mailing of notice of the Commissioner's decision to the claimant, and 3) the filing of a civil action in an appropriate district court. Weinberger, 422 U.S. at 763-64.

Although the Supreme Court has clarified exhaustion of administrative remedies may be waived by the Commissioner under certain circumstances, there is no available waiver for the requirement that a benefits claim must be presented to the Commissioner so that a "final decision" can be made. Mathews v. Eldridge, 424 U.S. 319, 328 (U.S. 1976); see also Bloodsworth v. Heckler, 703 F.2d 1233, 1237-39 (11th Cir. 1983) (recognizing "final decision" is not synonymous with complete exhaustion but also recognizing necessity for presentation of claim to Commissioner via use of administrative procedures within the Social Security Administration for development of an adequate record for judicial review).

The meaning of a final decision is not defined by the statute, but is instead left to the Commissioner to flesh out by regulation. Weinberger, 422 U.S. at 767. Federal regulations outline a four-step process as a prerequisite for judicial review; the failure to pursue administrative remedies, including administrative appeal rights, renders the administrative decision binding upon the claimant. See 20 C.F.R. §§ 404.905, 4040.921, 404.955, 404.981. Only after requesting a hearing from an ALJ, appealing any adverse decision of the ALJ to the Appeals Council, and receiving notice of the Appeals Council's subsequent decision or denial of review has the claimant obtained a "final decision" subject to judicial review. 20 C.F.R. §§ 404.922 & 422.210; see Sims v. Apfel, 530 U.S. 103, 107 (2000).

Here, Plaintiff never appealed to the Appeal's Council the claims that his benefits were wrongfully terminated and that he was incorrectly assessed an overpayment. (Herbst Decl., ¶ 7).

Plaintiff has not exhausted his administrative remedies in regards to these two claims. Although exhaustion is not synonymous with a final decision, Plaintiff, at the very least, must present his claims to the Appeals Council to receive a final decision. See Bloodsworth, 703 F.2d at 1237-39; Sims, 530 U.S. at 107. As such, the Court does not have subject matter jurisdiction under 42 U.S.C. § 205(g) over Plaintiff's first two claims unless Plaintiff's failure to exhaust is excused.

Plaintiff's failure to exhaust is not excusable. This is not a special case where Plaintiff presents a claim entirely collateral to his claim of entitlement to benefits. See Mathews v. Eldridge, 424 U.S. 319, 330 (1976). Here, Plaintiff's entire claim is that he has continued to be entitled to benefits since 2011 even though his benefits were terminated and he was assessed an overpayment. (See doc. no. 1.) Plaintiff's argument that he was not legally able to appeal his denial carries no explanation and does not provide an excuse for not exhausting. Consequently, the Court has no jurisdiction over Plaintiff's first two claims and they are subject to dismissal.

### III. CONCLUSION

For the reason set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for hearing be **DENIED AS MOOT**, (doc. no. 16.) and the Commissioner's partial motion to dismiss be **GRANTED**, (doc. no. 11).

SO REPORTED and RECOMMENDED this 31st day of October, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA