IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| DANA M. HIGGINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 114-099 |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff filed the above-captioned social security appeal *pro se* on April 21, 2014, and was granted permission to proceed *in forma pauperis*. (Doc. nos. 1, 2, 3.) Thereafter, the Commissioner filed her answer, a partial motion to dismiss, and submitted the transcript of the administrative proceedings. (Doc. nos. 11, 12, 13.) The Court granted the partial motion to dismiss on November 21, 2014 and issued a briefing order in which Plaintiff was directed to "serve and file a brief setting forth all errors which Plaintiff contends entitle her to relief" within thirty days as to the remaining issues. (Doc. no. 26, p. 1.) When Plaintiff failed to file a brief within the allotted time, the Court issued an order directing Plaintiff to show cause within fourteen days why this case should not be dismissed without prejudice for failure to prosecute. (Doc. no. 28.) Plaintiff did not respond to the show cause order; nor has he filed his brief, explained his failure to do so, or communicated with the Court in any way.

The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. (citing Fed. R. Civ. P. 41(b)); see also Eades v. Alabama Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia provide that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Finally, dismissal pursuant to Rule 41(b) is proper where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 656 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff's failure to file his brief, respond to the show cause order, or communicate with the Court amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff is proceeding IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

While the dismissal entered here is without prejudice,[1] Plaintiff should consider that the practical effect of dismissal may be with prejudice. This is because a claimant must commence a civil action seeking review of a final decision of the Acting Commissioner of Social Security "within sixty days after the mailing to [her] of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405. This deadline, however, "is not jurisdictional, but is a statute of limitations which is waivable by the parties and subject to the doctrine of equitable tolling." Scott v. Colvin, 13-CV-0106, 2013 WL 2452313, at *2 n.2 (S.D. Ala. June 5, 2013) (citing Bowen v. City of New York, 476 U.S. 467, 478-480 (1986)).

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice under Loc. R. 41.1 due to Plaintiff's failure to prosecute this action, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 20th day of January, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).